# MORVILLO, ABRAMOWITZ, GRAND, IASON, ANELLO & BOHRER, P.C.



Via Facsimile to (212) 805-7924

July 9, 2007

Hon. Sidney H. Stein
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1010
New York, New York 10007-1312

Re: *IFC v. Korat Waste to Energy Co. Ltd.* (07 Civ. 5451 (SHS))

Dear Judge Stein:

With permission from Your Honor's Deputy Clerk, I am faxing this letter to request that the Court adjourn the initial case management conference scheduled in this matter for July 12, 2007 (the "Conference").

As noted, the Conference is scheduled for July 12, 2007. On July 3, 2007, I filed a notice of appearance as local counsel on behalf of defendant, and submitted a stipulation adjourning defendant's time to respond to the complaint until August 6, 2007, subject to Your Honor's approval. Accordingly, defendant has not yet responded to the complaint, and, as of the date that defendant appeared, it was not possible for the parties to confer at least 21 days in advance of the Conference regarding a Rule 16(b) scheduling order, as required by Rule 26(f).

In addition, although I can arrange to have another attorney from my office cover the Conference, I will not be able to attend on July 12, as I am scheduled to undergo a surgical procedure tomorrow and do not expect to be recovered sufficiently by Thursday to appear in Court.

MORVILLO, ABRAMOWITZ, GRAND, IASON, ANELLO & BOHRER, P.C.

Hon. Sidney H. Stein
July 9, 2007
Page 2

In these circumstances, counsel for defendant feels that the Conference will be more productive if it is adjourned until after the parties first have conferred as required by Rule 26(f), and, therefore, respectfully requests that the Conference be rescheduled for a date during the week of August 13.

Pursuant to Your Honor's individual practices, I note that this is the first request to adjourn the Conference, and that plaintiff opposes the requested adjournment. At our request plaintiff's counsel set forth plaintiff's reasons for opposing the adjournment, as follows:

> Plaintiff would be willing to adjourn activity in this case if and when the parties enter into settlement discussions to resolve their disputes. In the meantime, plaintiff is prepared to go forward with the Conference scheduled for July 12th and would like it to be held as soon as possible if the Court decides to adjourn it. Regarding Mr. Keane's unavailability, plaintiff does not object to defendant's Washington-based counsel, Tony King, Esq., or one of Mr. Keane's colleagues, appearing on defendant's behalf. Further, plaintiff understands that the Court's order does not require the parties to file a joint report, but that the parties would be able to present their agreements and positions orally as is permitted by Rule 16(b) and Rule 26(f) of the Federal Rules of Civil Procedure.

We thank the Court for its consideration of defendant's request to adjourn the Conference.

Respectfully submitted,

Thomas M. Keane

*The conference is adjourned to Aug. 16, 2007, at 11:00 a.m.*

SO ORDERED 7/10/07

Sidney H. Stein
U.S.D.J.

cc (by e-mail): Tony King, Esq.
Francis A. Vasquez, Esq.