UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INTERNATIONAL FINANCE CORPORATION,
not in its individual capacity but solely as the
Trustee for the IFC-Netherlands Carbon Facility,

                *Plaintiff,*

-against-

KORAT WASTE TO ENERGY CO. LTD.,
(a/k/a KHORAT WASTE TO ENERGY CO.),

                *Defendant.*

07 Civ. 5451 (SHS) (ECF)

RECEIVED FEB 26 2008 CHAMBERS OF JUDGE SIDNEY H. STEIN U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/3/08

## JOINT PROPOSED PROTECTIVE ORDER
## GOVERNING DISCOVERY MATERIAL

To ensure that matters raised by these proceedings are open to the public, and also that confidential information submitted in connection with this matter, whether pursuant to compulsory process or voluntarily, is not improperly used or disclosed,

IT IS HEREBY ORDERED:

1.     As used in this Order,

    (a)     "Litigation" shall refer to the above-captioned action and all subsequent appellate or other review proceedings related thereto.

    (b)     "Discovery Material" shall include without limitation any recorded forms of information, whether in printed, electronic, or other format; deposition testimony; deposition exhibits; interrogatory responses; admissions; affidavits; declarations; documents produced pursuant to compulsory process or voluntarily in lieu thereof and any other documents or information produced or given to one party by

   another party or by a third party in connection with discovery in this Litigation.

 (c) "CONFIDENTIAL Discovery Material" shall refer to all Discovery Material that contains non-public competitively sensitive commercial information, including, but not limited to, trade secrets or other confidential research, development, commercial or financial information, as such terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure, and the cases so construing them, and in rules promulgated pursuant to or in implementation of them.

 (d) "HIGHLY CONFIDENTIAL Discovery Material" shall refer to a subset of CONFIDENTIAL Discovery Material that contains highly sensitive commercial information requiring heightened protection from disclosure, such as business or operating plans; pricing and cost data; price terms; documents setting forth recent or current marketing plans; sales forecasts; analyses of pricing or competitive information; proprietary data and personnel information; and the like.

 2. The parties, in conducting discovery from a third party, shall attach to such discovery requests a copy of this Order so as to apprise such third party of its rights herein.

 3. A party or a third party, in complying with informal or formal discovery requests in this Litigation, may designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL consistent with the terms of this Order. Discovery Material may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by placing on or affixing to each page of the document containing such material (in such a manner as will not interfere with its legibility), the designation: (a) "CONFIDENTIAL," or (b) "HIGHLY CONFIDENTIAL."

4.  A deponent or its counsel may designate deposition testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL in the manner set forth in paragraph 3 by noting such on the record during the deposition or by serving on all parties a copy of the transcript containing the designations (or by identifying the relevant page and line numbers) within fourteen (14) days of the receipt of the official transcript, and thereafter all receiving parties shall treat the portions of the deposition testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL, as the case may be. If a deponent or its counsel does not designate portions of the deposition testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL on the record or does not give notice within such fourteen (14) days, no portion of the deposition transcript shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL. The parties shall treat the deposition transcript as HIGHLY CONFIDENTIAL until the fourteen (14) day period has expired.

5.  A designation of Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall constitute a representation to the Court by the party or third party and by its counsel, in good faith and after careful determination, that the Discovery Material so designated is CONFIDENTIAL or HIGHLY CONFIDENTIAL as defined in this Order.

6.  Subject to applicable law:

(a)  Discovery Material designated as CONFIDENTIAL shall not, directly or indirectly, be disclosed to anyone other than: (i) employees, officers, directors or representatives of any party that reasonably need to view said Discovery Material to assist in the pursuit or defense of plaintiff's claims, including the party's in-house counsel and law clerks; (ii) outside counsel of record in the Litigation, their

partners and associated attorneys, law clerks, and other employees of their law firm(s); (iii) independent consultants or experts retained by outside counsel for the purpose of assisting them in the Litigation; (iv) current employees of the party producing the Discovery Material and past employees who were employed by that party at the time the Discovery Material was created or who had direct access to the Discovery Material during the time of employment; (v) any author or recipient of a document (as indicated, for example, on the face of the document) and any individual who was in the direct chain of supervision of any author or recipient at the time the material was created or received; and, (vi) all judicial officers presiding in this Litigation (including any subsequent appeals), other court personnel, translators, copy services, and database coding services retained by counsel; and (vii) any other person who the producing party agrees in advance, in writing, may have disclosed to it Discovery Material designated as CONFIDENTIAL.

(b)  Discovery Material designated as HIGHLY CONFIDENTIAL shall not, directly or indirectly, be disclosed to anyone other than: (i) outside counsel of record in the Litigation, their partners and associated attorneys, law clerks, and other employees of their law firm(s); (ii) the parties' in-house counsel and their immediate staff; (iii) independent consultants or experts retained by outside counsel for the purpose of assisting them in the Litigation; (iv) current employees of the party producing the Discovery Material and past employees who were employed by that party at the time the Discovery Material was created or who had direct access to the Discovery Material during the time of employment; (v) any

author or recipient of a document (as indicated, for example, on the face of the document); (vi) all judicial officers presiding in this Litigation (including any subsequent appeals), other court personnel, translators, copy services, and database coding services retained by counsel; and (vii) any other person who the producing party agrees in advance, in writing, may have disclosed to it Discovery Material designated as HIGHLY CONFIDENTIAL.

7. Disclosure of Discovery Material to any person pursuant to this Order shall be only for the purposes of this Litigation and any subsequent appeals and for no other purpose whatsoever. Each person to whom CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material is disclosed pursuant to paragraph 6 of this Order shall, before receiving any such Discovery Material, be provided with a copy of this Order and execute a declaration in the form attached as Exhibit A that the person agrees to be bound by the terms of this Order; provided, however, that no judicial officer presiding in this Litigation (including any subsequent appeals) and no law clerk or member of the immediate staff of any such judicial officer who reasonably needs to review Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be required to execute such declaration. Counsel for the disclosing party shall retain such declarations during the course of this Litigation.

8.   (a)   A party producing Discovery Material subject to this Order, on its own initiative or at the request of any party, may change the designation of individual Discovery Material from HIGHLY CONFIDENTIAL to CONFIDENTIAL, or may withdraw entirely the designation of Discovery Material as HIGHLY CONFIDENTIAL or CONFIDENTIAL.

(b) In the event that a person inadvertently fails to designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL at the time of production, the person shall notify the parties to whom the Discovery Material was produced and produce a new copy of the Discovery Material stamped CONFIDENTIAL or HIGHLY CONFIDENTIAL, as applicable. The inadvertent failure of a party or person to designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL at the time of production, in itself, shall not be deemed a waiver of the protections afforded by this Order, so long as the party or person makes a timely request for designation or redesignation pursuant to this paragraph after discovery of the failure to designate the Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

(c) A party challenging the designation of Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall give written notice to the person producing the Discovery Material. The challenging party and the person producing a document shall try in good faith to resolve among themselves, within ten (10) business days (or such enlargement of such period as the parties may agree to), any disagreement regarding the designation of Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL. If an impasse is reached, the party challenging the document designation may file with the Court a motion regarding the designation of the Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL, and the producing party may file a brief in opposition in support of the designation.

9. In the event that any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery

Material is contained in any pleading, motion, affidavit, declaration, exhibit or other paper (collectively, "papers") filed or to be filed with the Clerk of the Court, the Clerk shall be so informed by the party filing such papers, and such papers shall be filed under seal. To facilitate compliance with this Order, Discovery Material filed under the designation CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be contained in a sealed envelope bearing such designation on its front face. In addition, the envelope shall bear the caption of the case, shall contain a concise inventory of its contents for docketing purposes that does not disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material, and shall state thereon that it is filed under the terms of this Order and is not to be disclosed or revealed except to the Court and counsel for the parties, or by order of the Court. The Clerk of Court shall maintain such information or documents under seal, and the information or documents shall be made available only to persons authorized by this Order or by further order of the Court, entered after an appropriate motion has been made. Papers incorporating CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material shall remain under seal until further order of this Court; provided, however, that such papers may be furnished to persons or entities who may receive CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material pursuant to this Order. Any party may file in the public record a duplicate copy of papers with the CONFIDENTIAL or HIGHLY CONFIDENTIAL portions redacted therefrom. Further, if the designation of any such Discovery Material expires, is waived, or is changed by order of this Court, any party may file on the public record a duplicate copy that contains the formerly protected material.

    10. If counsel for a party plans to introduce into evidence at trial any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material produced by another party or a third party, they shall provide advance notice to the other party or third party for the

purposes of allowing that party to seek an order that the Discovery Material be granted in camera treatment. Except where such an order is granted, all Discovery Material shall be part of the public record. If in camera treatment is granted, a duplicate copy of such Discovery Material, with the CONFIDENTIAL or HIGHLY CONFIDENTIAL portions redacted therefrom, may be placed on the public record.

11. At the time that a person retained to assist counsel in the preparation of this action concludes participation in the action, the person shall return to counsel all copies of Discovery Material or portions thereof designated CONFIDENTIAL or HIGHLY CONFIDENTIAL that are in the possession of such person, together with all notes, memoranda or other materials containing information from that Discovery Material, or, at counsel's option, certify the destruction of such Discovery Material, notes, memoranda and other materials. Unless otherwise required by law, within ninety (90) days after the conclusion of this Litigation, including any appeals, and at the option of the producing party, the parties shall return or certify the destruction of all Discovery Material obtained from other persons in these actions that was designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, other than trial transcripts and trial exhibits admitted into evidence (and, if destroyed, shall provide the producing party with an affidavit certifying their destruction).

12. Unless otherwise required by law, if any party has obtained CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material pursuant to this Order and, in the context of another court proceeding or investigation, receives a subpoena or other compulsory process commanding the production of such Discovery Material, that party shall promptly notify the person or entity that is asserting confidentiality of such Discovery Material at least fourteen (14) days before disclosure and shall object to its production pursuant to this Order. If any party

receives a motion to compel production of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material of any other person or entity, such party shall advise the person or entity which submitted such Discovery Material and shall advise the court in which such motion is made of the existence of this Order. If a court nonetheless orders the production of Discovery Material that is subject to this Order, then production of such Discovery Material pursuant to that court order shall not be deemed a violation of this Order. Nothing contained in this paragraph is intended to indicate that any other court order would have priority over this Order. Moreover, nothing contained herein shall waive any party's objection to the jurisdiction of the other court.

13. Inadvertent production of Discovery Material produced in response to discovery requests in this Litigation by any party or third party, that a party or third party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as "Inadvertently Produced Discovery Material") will not, in itself, constitute a waiver of any privilege or work product protection. A party or third party may request the return of any Discovery Material that it inadvertently produced by identifying the Inadvertently Produced Discovery Material and stating the basis for withholding such Discovery Material from production. If a party or third party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Discovery Material then in the custody of one or more parties, the possessing parties shall within five (5) business days return to the requesting party or third party the Inadvertently Produced Discovery Material and all copies thereof and shall expunge from any other Discovery Material information solely derived from the Inadvertently Produced Discovery Material. After a document is destroyed or returned pursuant to this paragraph, a party may move the Court for an order compelling production of the Discovery Material. Nothing in this Order shall preclude a party from arguing that the production of the Discovery

Material was not inadvertent or that the privilege has otherwise been waived.

14. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the right of the parties or third parties to assert any applicable discovery or trial privilege. Nothing in this Order shall operate as an admission that any particular document or item of information is, or is not, admissible in evidence at the trial of this action.

15. Nothing in this Order shall prohibit a party from disclosing or making use of any Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL if such Discovery Material (a) was lawfully in his or her possession prior to receipt of the CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material produced subject to this Protective Order (by a source other than CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material previously produced by the disclosing party pursuant to either a confidentiality agreement or protective order), as shown by the receiving party's records, except that this Order is not intended to alter the rights of either party to enforce or challenge the applicability of any other confidentiality agreement or prior protective order, and nothing in this Order shall allow or prohibit a party to designate Discovery Material as protected from disclosure based solely on another confidentiality agreement or prior protective order); (b) was or becomes available to the public through no fault of a receiving person; (c) was or is lawfully obtained from a source not subject to this Order; or (d) is exempted from the operation of this Order by the written consent of the producing party. Nothing in this Order shall prohibit a party from using or publicly disclosing CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material that is already part of the public court file in this action as of the date of this Order Nothing in this Order shall prohibit a party from using or publicly disclosing its own CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material, provided that such

deliberate public disclosure of Discovery Material shall constitute the party's waiver of the designation of that Discovery Material for its use by any party in this Litigation.

16. Nothing herein shall create a presumption or implication that a party is entitled to the production of Discovery Material by virtue of the existence of this Order, or prevent a party from seeking relief from the Court on discovery related matters.

17. The obligation to comply with this Order shall remain in full force and effect for a period of five years following the conclusion of this Litigation, including any appeals, unless waived by the written consent of the persons that designated Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL under the terms of this Order.

18. Nothing herein shall prejudice the right of any party to seek, at any time, a further order of the Court modifying this Order. In advance of any trial in this action or other proceedings in open court, the parties shall confer on whether any modifications of the procedures herein are necessary to ensure efficient conduct of those proceedings and shall report to the Court on any proposed modifications of this Order if needed.

19. This Protective Order may be amended for good cause shown.

SO ORDERED:

Dated: 2/26/08

_____
Honorable Sidney H. Stein
United States District Court Judge

# EXHIBIT A

## TO THE PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INTERNATIONAL FINANCE CORPORATION,
not in its individual capacity but solely as the
Trustee for the IFC-Netherlands Carbon Facility,

                *Plaintiff,*

-against-

KORAT WASTE TO ENERGY CO. LTD.,
(a/k/a KHORAT WASTE TO ENERGY CO.),

                *Defendant.*

07 Civ. 5451 (SHS) (ECF)

### DECLARATION CONCERNING THE PROTECTIVE ORDER

I, _____, hereby declare and certify the following to be true:

1.    [Statement of employment]

2.    I have read the "[Joint] Protective Order Governing Discovery Material" (the "Order") issued by Judge Sidney H. Stein on _____, in connection with the above-captioned matter. I understand the restrictions on my access to and use of any HIGHLY CONFIDENTIAL or CONFIDENTIAL Discovery Material (as these terms are used in the Order) and I agree to abide by the Order.

3.    I understand that the restrictions on my use of such HIGHLY CONFIDENTIAL or CONFIDENTIAL Discovery Material include:

        a.    that I will use HIGHLY CONFIDENTIAL or CONFIDENTIAL Discovery Material only for the purposes of the above-captioned and for no other purpose;

  b.  that I will not disclose such HIGHLY CONFIDENTIAL or CONFIDENTIAL Discovery Material to anyone, except as permitted by the Order;

  c.  that I will use, store, and maintain the HIGHLY CONFIDENTIAL or CONFIDENTIAL Discovery Material in such a way as to ensure its continued protected status; and,

  d.  that upon the conclusion of my involvement in these proceedings, I will promptly return or certify the destruction of all HIGHLY CONFIDENTIAL Discovery Material and CONFIDENTIAL Discovery Material, and all notes, memoranda, or other materials containing HIGHLY CONFIDENTIAL or CONFIDENTIAL information, to the producing party or its outside counsel, as requested and as appropriate.

4.  I am aware that, pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, my failure to comply with the terms of the Protective Order may subject me to sanctions imposed by the Court.

_____    Date: _____
Full Name [Typed or Printed]

_____
Signature