IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL FINANCE CORPORATION, not in its individual capacity, but solely as the Trustee for the IFC-Netherlands Carbon Facility,<br><br>Plaintiff,<br><br>v.<br><br>KORAT WASTE TO ENERGY CO. LTD. (a/k/a Khorat Waste to Energy Co.),<br><br>Defendant. | 07 Civ. 5451 (SHS) |

**MEMORANDUM IN SUPPORT OF KWTE'S MOTION FOR
SUMMARY JUDGMENT AS TO THE QUANTUM OF RELIANCE DAMAGES
RECOVERABLE UNDER COUNT I OF PLAINTIFF'S COMPLAINT**

Anthony F. King
Amanda Gilbert
WALLACE KING DOMIKE & REISKIN, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
Telephone: (202) 204-1000
Facsimile: (202) 204-1001

Elkan Abramowitz (EA-3987)
Thomas M. Keane (TK-6320)
MORVILLO, ABRAMOWITZ, GRAND,
  IASON, ANELLO & BOHRER, P.C
565 Fifth Avenue
New York, NY 10017
Telephone: (212) 880-9300
Facsimile: (212) 856-9494

April 10, 2008

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

STATEMENT OF THE UNDISPUTED MATERIAL FACTS ......................................... 2

    A.     It Is Indisputable That Termination Of The LOI Limits Damages, Including Reliance Damages, For Any Claimed Liability Arising From The LOI To The Termination Payment Set Forth In Paragraph 7(b) of the LOI ...................................................... 3

    B.     IFC Concedes That Count I Seeks To Recover For Liabilities Arising From The LOI ............................................................. 3

    C.     It Is Indisputable That KWTE Terminated The LOI, Thus Triggering The Limitation on Reliance Damages In Paragraph 7(b) Of The LOI To The Termination Payment .................................... 4

ARGUMENT ........................................................................................................................ 5

THE LOI INDISPUTABLY LIMITS ANY RECOVERABLE RELIANCE DAMAGES UNDER COUNT I TO THE TERMINATION PAYMENT SET FORTH IN THE LOI ........................................... 5

CONCLUSION .................................................................................................................... 6

## TABLE OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)..........................................................5

**RULES**

Fed. R. Civ. P. 56..........................................................................................................1

Fed. R. Civ. P. 56(c)......................................................................................................5

Fed. R. Civ. P. 56(e)......................................................................................................5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL FINANCE CORPORATION,<br>not in its individual capacity, but solely as the<br>Trustee for the IFC-Netherlands Carbon Facility,<br><br>Plaintiff,<br><br>v.<br><br>KORAT WASTE TO ENERGY CO. LTD.<br>(a/k/a Khorat Waste to Energy Co.),<br><br>Defendant. | 07 Civ. 5451 (SHS) |

### MEMORANDUM IN SUPPORT OF
### KWTE'S MOTION FOR SUMMARY JUDGMENT
### AS TO COUNT I OF PLAINTIFF'S COMPLAINT

Defendant Korat Waste to Energy Co. Ltd. ("KWTE" or "Korat") submits this memorandum in support of its motion pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the quantum of reliance damages potentially recoverable under Count I of Plaintiff International Finance Corporation's ("IFC's") Complaint.

### INTRODUCTION

KWTE and Plaintiff IFC entered into a Letter of Intent ("LOI") to negotiate a potential contract, but failed to do so. On March 27, 2008, this Court dismissed IFC's claims for breach of contract and indemnity, but permitted IFC to continue to assert Count I for alleged breach of the LOI's implied covenant of good faith and fair dealing in KWTE's negotiations with IFC.[1] (Transcript of March 27, 2008 Hearing ("Mar. 27 Tr."), Exhibit 1 to King Declaration (attached to KWTE's Rule 56.1 Statement as Exhibit B) at 4:2–6). The Court, however, ruled that IFC's

---

[1] KWTE did not challenge Count III alleging that a termination payment is due under the LOI, and remains ready to make the payment.

recovery under Count I was limited to reliance damages, not the contract expectation damages sought by IFC. (Mar. 27 Tr. at 20:13–23.)

KWTE does not seek reconsideration of the Court's ruling as to Count I in any way. Although KWTE would vigorously challenge the substantive claim at trial if necessary, KWTE in no way challenges the Court's ruling that IFC's Complaint has stated a claim for breach of the implied covenant of good faith and fair dealing. Instead, this motion is addressed solely to the quantum of reliance damages available to IFC in the wake of the Court's March 27 ruling. Based on the undisputed and indisputable facts, the LOI limits IFC's recoverable reliance damages to the LOI's termination payment.

The LOI provides that if a party terminates the LOI, such termination "shall release [KWTE] and [IFC] from all of their respective obligations under [the LOI], including any liabilities arising therefrom" except for a stipulated termination fee paid by KWTE. It is undisputed that KWTE terminated the LOI, thus triggering the LOI's release of liability.

Count I of the Complaint alleges that KWTE breached an implied covenant of good faith and fair dealing of the LOI in its negotiations with KWTE. (Complaint ¶¶ 38-45.) It is undisputed that any damages sought as a result of this alleged breach are "liabilities arising" from the LOI." IFC has itself so stated. Thus, by the plain, unambiguous terms of the LOI, termination of the LOI limits any reliance damages to payment of the LOI's termination fee.

Summary judgment as to quantum of damages based on these undisputed facts is appropriate at this time, as the undisputed facts will not change. It will also greatly aid the future course of this case for the parties to know the scope of potential damages, given that the case now consists of essentially one count with limited damages.

## STATEMENT OF THE UNDISPUTED MATERIAL FACTS

IFC and KWTE executed an LOI on May 17, 2004 to negotiate a possible contract for the sale of certified emission reductions from KWTE to the government of the Netherlands. (Complaint ¶¶ 2, 15.) The LOI provides that either party can terminate the LOI at will. (LOI ¶

2

7(a)(1), Exhibit 1 to Smith Declaration (attached to KWTE's Rule 56.1 Statement as Exhibit A) at 3.)

### A. It Is Indisputable That Termination Of The LOI Limits Damages, Including Reliance Damages, For Any Claimed Liability Arising From The LOI To The Termination Payment Set Forth In Paragraph 7(b) of the LOI

The LOI states unambiguously that, once a party terminates the LOI, neither party can recover damages from the other in excess of the termination payment provided for in Paragraph 7 of the LOI:

> (b) <u>Consequences of Termination</u>
> Any such termination shall release [KWTE] and [IFC] from all of their respective obligations under this Letter Agreement, including any liabilities arising therefrom, except as provided in Paragraph 7.

(LOI, Exhibit 1 to Smith Dec. at 3.)

Paragraphs 7(d) and (g) of the LOI specify the payments to be made if KWTE terminates the LOI. (LOI, Exhibit 1 to Smith Dec. at 4, 5.) Again, according to the indisputable terms of Paragraph 7(b), KWTE thus has no liability to IFC, including any reliance damages, beyond these payments once the LOI is terminated.

### B. IFC Concedes That Count I Seeks To Recover For Liabilities Arising From The LOI

IFC has stated emphatically and repeatedly that Count I seeks to recover damages based on liabilities allegedly arising from the LOI. IFC left no doubt on this score when it stated in its Sept. 7, 2007 Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint at page 10: "IFC's cause of action for breach of the covenant of good faith and fair dealing is premised on the LOI."

This is confirmed by IFC's Complaint. The factual allegations supporting Count I are set forth at paragraphs 41 through 44 of the Complaint:

3

- Paragraph 41 alleges that KWTE *was required by the LOI* to provide certain information to IFC in a timely fashion and did not do so;
- Paragraph 42 alleges that "Korat failed to use its best efforts *to achieve the goal of the LOI*, which was the execution of [a contract] between Korat and IFC;
- Paragraph 43 alleges that Korat ... violated the exclusivity provisions **contained in Paragraph 5 of the LOI**...."
- Paragraph 44 sums up by alleging that, "[i]n taking these actions (*i.e.*, the actions set forth in paragraphs 41-43), Korat **breached the LOI's implied covenant** of good faith and fair dealing."

(Complaint ¶¶ 41-44; emphasis supplied.) It is therefore undisputed that the damages sought in Count 1, including any reliance damages, are based on alleged liabilities arising from the LOI.

### C. It Is Indisputable That KWTE Terminated The LOI, Thus Triggering The Limitation on Reliance Damages In Paragraph 7(b) Of The LOI To The Termination Payment

KWTE terminated the LOI by letter dated March 2, 2007. (March 2, 2007 Letter from Donnelly to Widge, attached to IFC's Complaint as Exhibit A.) The termination letter invoked KWTE's right to terminate under Paragraph 7(a)(i) of the LOI, and offered to make the required termination payment:

> Under the terms of the LOI, termination is effective in 15 days. KWTE understands that its termination of the LOI pursuant to paragraph 7(a)(i) triggers a payment obligation under paragraph 7(d). KWTE will await your invoice. KWTE further understands that, pursuant to paragraph 7(d), certain other provisions of the LOI will survive termination and shall remain in full force and effect.

(*Id.*)

## ARGUMENT

### THE LOI INDISPUTABLY LIMITS ANY RECOVERABLE RELIANCE DAMAGES UNDER COUNT I TO THE TERMINATION PAYMENT SET FORTH IN THE LOI

Summary judgment should be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To defeat summary judgment, the non-moving party must go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "If the evidence is merely colorable…, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Only the existence of genuine issues of material fact – that is, "disputes over facts that might affect the outcome of the suit under the governing law" – will defeat summary judgment. *Anderson,* 477 U.S. at 248.

IFC can point to no facts that would create a genuine triable issue as to Count I:

- It is undisputed that KWTE terminated the LOI.
- It is indisputable that termination of the LOI means that any damages, reliance or otherwise, based on alleged liabilities arising from the LOI are limited to the termination payment in Paragraph 7(b) of the LOI.
- It is undisputed that Count I now seeks to recover reliance damages based on the LOI.

In syllogistic fashion, IFC cannot recover reliance damages beyond the termination payment. Paragraph 7(b) is thus dispositive as to the quantum of reliance damages available for Count I.

IFC is not left empty-handed. It has a contractual right under Paragraph 7 of the LOI to recover a substantial termination payment in reliance on its participation in negotiations with KWTE – a right, it should be mentioned, which is denied to KWTE. Although IFC has refused to date to accept that payment, KWTE stands ready to make it. That was bargained for by the parties, just as the parties agreed that such reliance and other damages in excess of the termination payment amount would be released.

5

## **CONCLUSION**

For all the foregoing reasons, summary judgment as to Count I of Plaintiff's Complaint as to the quantum of recoverable reliance damages should be granted in favor of Defendant.

Respectfully submitted,

April 10, 2007

/s/
Anthony F. King
Amanda Gilbert
WALLACE KING DOMIKE & REISKIN, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
Telephone: 202.204.1000
Facsimile: 202.204.1001

Elkan Abramowitz (EA-3987)
Thomas M. Keane (TK-6320)
MORVILLO, ABRAMOWITZ, GRAND,
  IASON, ANELLO & BOHRER, P.C
565 Fifth Avenue
New York, NY 10017
Telephone: (212) 880-9300
Facsimile: (212) 856-9494