UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL FINANCE CORPORATION, not in its individual capacity but solely as the Trustee for the IFC-Netherlands Carbon Facility,<br><br>                    *Plaintiff,*<br><br>                    -against-<br><br>KORAT WASTE TO ENERGY CO. LTD., (a/k/a KHORAT WASTE TO ENERGY CO.),<br><br>                    *Defendant.* | 07 Civ. 5451 (SHS) (ECF)<br><br>**NOTICE OF MOTION AND MOTION FOR COURT'S ENTRY OF JUDGMENT BY DEFAULT** |

PLEASE TAKE NOTICE that on April 28, 2008, at 9:30 a.m., or as soon thereafter as counsel can be heard, in Courtroom 25A of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, Plaintiff International Finance Corporation (IFC), through its undersigned counsel, will move this Court, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55.2(b) of the Local Rules of the United States District Court for the Southern District of New York, to enter judgment by default against Defendant Korat Waste to Energy Co. Ltd. ("Korat"). In support of this motion, Plaintiff states the following:

On June 8, 2007, IFC commenced this action against Korat, a corporation organized under the laws of Thailand. *See* D.E. No. 1. Korat is neither an infant nor an incompetent person. On June 13, 2007, service of process was achieved by mailing via Federal Express on Korat by the Clerk's office, pursuant to Rule 4(f)(2)(c)(ii) of the Federal Rules of Civil Procedure. *See* D.E. Nos. 3, 4.

On August 6, 2007, Korat filed a motion to dismiss the Complaint which, pursuant to Rule 12(a)(4) of the Federal Rules of Civil Procedure, alters the period of time Korat had to file

an answer to the Complaint. *See* D.E. No. 13. On March 27, 2008, this Court issued its decision on Korat's motion to dismiss, denying the motion as to Counts 1 and 3, and finding that Korat had conceded liability on Count 3. *See* D.E. No. 25. Because this Court denied Korat's motion in part, Korat had until April 10, 2008, to file an answer to the Complaint. *See* Fed. R. Civ. P. 12(a)(4)(A). Korat has neither filed an answer, nor requested an enlargement of the period in which to answer.

Consequently, under Rule 55(b) of the Federal Rules of Civil Procedure and Rule 55.2(b) of the Local Rules of the United States District Court for the Southern District of New York, IFC is entitled to a judgment of default against Korat as to Korat's liability under Counts 1 and 3 of the Complaint.

In accordance with Rule 55.2(b) of the Local Rules of the United States District Court for the Southern District of New York and Practice 4 of the Individual Practices of Judge Sidney H. Stein, accompanying this motion are (1) a completed Clerk's Certificate of default (attached hereto as Exhibit A); (2) the claim to which no response as been made (attached hereto as Exhibit B, without exhibits); and (3) a proposed Order of Default Judgment (attached hereto as Exhibit C).

Dated:  April 14, 2008
        Washington, D.C.

Respectfully submitted,

**WHITE & CASE** LLP

/s/ Francis A. Vasquez, Jr.
Francis A. Vasquez, Jr. (FAV-1446)
Dana E. Foster (DF-9389)
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel for International Finance Corporation*