UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INTERNATIONAL FINANCE CORPORATION,
not in its individual capacity but solely as the
Trustee for the IFC-Netherlands Carbon Facility,

*Plaintiff,*

-against-

KORAT WASTE TO ENERGY CO. LTD.,
(a/k/a KHORAT WASTE TO ENERGY CO.),

*Defendant.*

07 Civ. 5451 (SHS) (ECF)

## ANSWER AND SEPARATE DEFENSES OF
## DEFENDANT KORAT WASTE TO ENERGY CO. LTD

Defendant Korat Waste to Energy Co. Ltd. ("KWTE") hereby answers Plaintiff International Finance Corporation's (IFC's) Complaint as follows:

All allegations in the Complaint that are not specifically admitted herein are denied.

1. KWTE denies paragraph 1.

2. KWTE denies the first sentence of paragraph 2. KWTE lacks sufficient information to admit or deny the remainder of paragraph 2.

3. KWTE lacks sufficient information to admit or deny paragraph 3.

4. KWTE denies paragraph 4.

5. KWTE denies paragraph 5.

6. KWTE admits that it discussed its CERs with others, as it had every right to do and which it disclosed to IFC. KWTE denies the remainder of paragraph 6.

7. KWTE denies paragraph 7.

8. KWTE lacks sufficient information to admit or deny paragraph 8.

9. KWTE lacks sufficient information to admit or deny paragraph 9.

10. KWTE admits that it is a Thai registered limited liability company and that, in 2007, TEP Asia Limited, a wholly-owned subsidiary of TEP PLC, acquired a majority interest in KWTE. KWTE lacks sufficient information to admit or deny the allegation of "all times relevant hereto." KWTE admits that it maintained offices at various locations in Thailand. KWTE denies the remainder of paragraph 10.

11. KWTE lacks sufficient information to admit or deny the remainder of paragraph 11.

12. KWTE denies that paragraph 12 is a complete characterization of Paragraph 16 of the LOI in that it suggests that submission to jurisdiction in the Southern District of New York is irrevocable in all circumstances, and therefore denies paragraph 12.

13. KWTE denies that paragraph 13 is a complete characterization of its Khorat, Thailand project, but admits that paragraph 13 is a generally accurate description of the project.

14. KWTE lacks sufficient information to admit or deny the first sentence and that portion of the last sentence in paragraph 14 regarding IFC's authority to act. KWTE admits that EcoSecurities was acting on KWTE's behalf during 2002, and may have been compensated for such representation under certain conditions.

15. KWTE admits that it and IFC executed the LOI on May 20, 2004, and otherwise denies the remainder of Paragraph 15, including the characterization of Paragraph 5 of the LOI as an "Exclusivity Clause."

16. KWTE denies paragraph 16.

17. KWTE denies paragraph 17.

18-19. Paragraphs 18-19 relate to Count II of the Complaint, which was dismissed by this Court by Order filed March 27, 2008. Accordingly, no response to these allegations is required.

20. KWTE admits that it provided IFC with comments and memoranda, which memoranda speak for themselves and respectfully refers the Court to the memoranda for their complete and correct contents. KWTE denies the remainder of paragraph 20.

21.   KWTE admits that it sent an e-mail to IFC on November 15, 2005, which e-mail speaks for itself, and respectfully refers the Court to the referenced e-mail for its complete and correct contents. KWTE denies the remainder of paragraph 21.

22.   KWTE admits that the market price of carbon credits was rising during the latter half of 2005, and denies the remainder of paragraph 22.

23.   KWTE admits that IFC sent KWTE an e-mail on December 13, 2005, which e-mail speaks for itself, and respectfully refers the Court to the referenced e-mail for its complete and correct contents.

24.   KWTE admits that KWTE sent IFC an e-mail on December 13, 2005 and an e-mail on December 17, 2005, which e-mails speak for themselves, and respectfully refers the Court to the referenced e-mail for its complete and correct contents.

25.   KWTE lacks sufficient information to admit or deny the allegation in the first sentence of paragraph 25. KWTE denies the characterization of a subsequent ERPA from IFC as "revised." KWTE denies the remainder of paragraph 25.

26.   KWTE admits that it sent e-mails to IFC on July 14, 2006, which e-mails speak for themselves, and respectfully refers the Court to the referenced e-mails for complete and correct contents. KWTE admits that it requested that IFC consider offering a commercially reasonable price for KWTE's CERs. KWTE denies the remainder of paragraph 26.

27.   KWTE admits that KWTE and IFC discussed potential terms during a meeting on October 17, 2006. KWTE denies that any "revised" terms were discussed, as no terms had been previously agreed to. KWTE denies the remainder of paragraph 27.

28.   KWTE admits that KWTE sent an e-mail to IFC on October 19, 2006, and that IFC sent an e-mail to KWTE on November 10, 2006, which e-mails speak for themselves, and respectfully refers the Court to the referenced e-mails for complete and correct contents.

29.   KWTE admits that Locklin sent an e-mail dated November 15, 2006 to Cook, which e-mail speaks for itself, and which e-mail discusses activity in which KWTE was fully permitted to engage and which was repeatedly disclosed to IFC. KWTE respectfully refers the

Court to the referenced e-mail for its complete and correct contents. KWTE denies the remaining allegations in paragraph 29.

30. KWTE admits the first sentence of paragraph 30. KWTE denies the characterizations "shortly thereafter" and "purportedly terminating" in the second sentence of paragraph 30. KWTE admits that, on March 2, 2007, it sent a notice to IFC terminating the LOI as of March 17, 2007, pursuant to the terms of the LOI.

31. KWTE denies paragraph 31, except that KWTE admits that IFC agreed on several occasions to raise its price offers to reflect the reality of the market for CERs in recognition that its offers were grossly below market.

32. KWTE admits that IFC refused to accept that KWTE had terminated the LOI according to the LOI's terms. KWTE denies the remainder of paragraph 32.

33. KWTE denies the last sentence of Paragraph 33. Although it grossly oversimplifies the process, KWTE admits the remainder of paragraph 33.

34. KWTE denies the implication in paragraph 34 that KWTE had any obligation to IFC after KWTE terminated the LOI. KWTE admits that it communicated with IFC after KWTE requested registration of its project; that it did not meet with IFC; and that IFC was not listed as a Project Participant. KWTE denies the remainder of paragraph 34.

35. KWTE denies paragraph 35.

36. KWTE denies paragraph 36.

37. KWTE denies paragraph 37.

38. KWTE adopts and incorporates by reference its responses to Paragraphs 1-37 as though fully set forth herein.

39. KWTE admits paragraph 39.

40. KWTE denies paragraph 40.

41. KWTE denies paragraph 41.

42. KWTE denies paragraph 42.

43. KWTE denies paragraph 43.

44.    KWTE denies paragraph 44.

45.    KWTE denies paragraph 45.

46-50.    Paragraphs 46-50 relate to Count II of the Complaint, which was dismissed by this Court by Order filed March 27, 2008. Accordingly, no response to these allegations is required.

51.    KWTE adopts and incorporates by reference its responses to Paragraphs 1-50 as though fully set forth herein.

52.    KWTE denies the characterization of the payments due under Paragraph 7 of the LOI as "penalties." KWTE admits the remainder of paragraph 52.

53.    KWTE admits paragraph 53.

54.    KWTE denies the last sentence of Paragraph 33. Although it grossly oversimplifies the process, KWTE admits the remainder of paragraph 54.

55.    KWTE admits that IFC is due a termination payment under Paragraph 7(d), although there is a question as to whether a payment is due under Paragraph 7(g). To date, IFC has refused to accept any payment.

56-59.    Paragraphs 56-59 relate to Count IV of the Complaint, which was dismissed by this Court by Order filed March 27, 2008. Accordingly, no response to these allegations is required.

## SEPARATE DEFENSES

### FIRST DEFENSE

Plaintiff has failed to state any cause of action against KWTE.

### SECOND DEFENSE

Plaintiff is estopped from asserting some or all of the claims purported to be asserted against KWTE, and/or seeking some or all of the damages sought from KWTE.

5

### THIRD DEFENSE

Some or all of Plaintiff's claims may be barred by contributory or comparative negligence.

### FOURTH DEFENSE

Plaintiff suffered no losses or damages by reason of any alleged acts of KWTE or any of KWTE's employees or representatives.

### FIFTH DEFENSE

The alleged damages and injuries complained of are or may have been caused by and arose out of risks which Plaintiff assumed or may have assumed.

### SIXTH DEFENSE

KWTE fulfilled all of its duties and obligations, whether arising from common law, statute, contract, tort or otherwise.

### SEVENTH DEFENSE

There was no legal duty owed by KWTE to Plaintiff relating to the incidences complained of. In the alternative, if any duty was owing, there was no breach of that duty by KWTE.

### EIGHTH DEFENSE

Some or all of Plaintiff's causes of action, and some or all of the damages Plaintiff seeks, are barred in whole or in part by the terms of the May 17, 2004 Letter of Intent executed by Plaintiff and Defendant.

### NINTH DEFENSE

Plaintiff did not adequately mitigate its alleged damages; therefore, any damages which may be recovered should be diminished or reduced accordingly.

### TENTH DEFENSE

Plaintiff waived its right to assert some or all of the claims purported to be asserted against KWTE.

### ELEVENTH DEFENSE

Some or all of the relief demanded is barred by the doctrine of laches.

### TWELTH DEFENSE

Some or all of Plaintiff's claims are barred because Plaintiff is not the real party in interest.

### THITTEENTH DEFENSE

Plaintiff has failed to join necessary and/or indispensable parties.

WHEREFORE, KWTE demands that judgment be entered in its favor:

(1)   dismissing the complaint with prejudice;

(2)   awarding it the costs of this action, including a reasonable attorney's fee; and

(3)   granting it such other and further relief as the Court deems just and proper.

April 15, 2008

                        Respectfully submitted,

                        _____/s/_____
                        Anthony F. King
                        Amanda Gilbert
                        WALLACE KING DOMIKE & REISKIN, PLLC
                        1050 Thomas Jefferson Street, N.W.
                        Washington, D.C. 20007
                        Telephone: 202.204.1000
                        Facsimile: 202.204.1001

Elkan Abramowitz (EA-3987)
Thomas M. Keane (TK-6320)
MORVILLO, ABRAMOWITZ, GRAND,
  IASON, ANELLO & BOHRER, P.C
565 Fifth Avenue
New York, NY 10017
Telephone: 212.880.9482
Facsimile: 212. 856.9494

8