IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL FINANCE CORPORATION, not in its individual capacity, but solely as the Trustee for the IFC-Netherlands Carbon Facility,<br><br>Plaintiff,<br><br>v.<br><br>KORAT WASTE TO ENERGY CO. LTD. (a/k/a Khorat Waste to Energy Co.),<br><br>Defendant. | 07 Civ. 5451 (SHS) |

## MEMORANDUM IN SUPPORT OF KWTE'S MOTION TO VACATE DEFAULT AND TO FILE ITS ANSWER OUT-OF-TIME AND OPPOSITION TO MOTION FOR DEFAULT JUDGMENT

Defendant Korat Waste to Energy Co. Ltd. ("KWTE" or "Korat") submits this memorandum in support of its motion pursuant to Rule 55(c) of the Federal Rules of Civil Procedure to set aside the default entered on April 14, 2008 and to allow KWTE to file its answer out-of-time, and in opposition to Plaintiff International Finance Corporation's ("IFC's") Motion for Default Judgment.

IFC filed its motion for a default judgment at nearly 11:00 p.m. on April 14, four days after the answer date, without any notice to KWTE that it would seek a default judgment, and without making any inquiry as to whether KWTE intended to answer or had simply inadvertently failed to answer. (King Dec. at ¶¶ 2, 3.) After having lost much of its case on a motion to dismiss, IFC seeks to take advantage of an inadvertent and harmless miscue to short-circuit litigation of its remaining substantial count.

This is not a case where the Defendant stood by and did nothing. To the contrary, KWTE timely responded to the four-count Complaint by filing a motion to dismiss which was largely successful in that it resulted in the dismissal of Counts II, IV and the primary damages aspect of Count I. The remaining Count III should never have been brought, as KWTE has never contested liability under that Count.

Moreover, KWTE has filed a motion for summary judgment regarding the quantum of damages available for Count I. Admittedly, this does not further stay the time for filing an answer. However, it evidences the fact that the claim is being actively contested by the parties. Even beyond the issue of damages, the substantive issues asserted in Count I – IFC's allegations that KWTE acted in bad faith in negotiating under a Letter of Intent ("LOI") – are serious and deserve a full hearing if justified by the amount of recoverable damages.

Moreover, the partial answer was due only four days before the default was entered. That brief oversight was inadvertent and unintentional, and IFC cannot claim any prejudice arising from that extremely short delay, much of which occurred over a weekend.

On March 27, 2008, this Court issued a ruling from the bench granting in part and denying in part KWTE's motion to dismiss Complaint. The Court's ruling dismissed Counts II and IV for breach of contract and indemnification, and left standing Count III for a termination payment under the LOI because KWTE has never disputed that some payment was due. Most importantly, the Court held that IFC's Complaint had sufficiently stated a claim for breach of the LOI's implied covenant of good faith and fair dealing, but ruled that IFC's recovery was limited to reliance, not restitution damages. The Court then set a conference for April 25 and urged the parties to attempt to resolve their outstanding discovery disputes, and indeed the entire matter given the Court's ruling.

To that end, the parties requested an extension of the discovery deadline from May 28 to July 15, noting to the Court: "In light of your Honor's March 27, 2008 decision on KWTE's motion to dismiss, the parties agree that it would be most efficient to attempt to settle the

remaining claims before expending further party and judicial resources." (April 2, 2008 Vasquez Letter, Doc. 24 at 1; King Dec. at ¶ 4.)

Without intruding on the privacy of settlement negotiations, it is safe to say that the intervening period has been tumultuous. Ultimately, over the weekend of April 4-5, the parties reached the conclusion that discovery had to resume, and the parties rapidly increased the pace of the litigation. (King Dec. at ¶¶ 5-6.) In the midst of that resumption of heightened activity, counsel for KWTE inadvertently delayed filing the answer until April 15 instead of April 10.

"It is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (1993).

Applying these principles, and pursuant to Fed. R. Civ. P. 55(c), this Court may set aside an entry of default for good cause. In considering whether "good cause" is shown under Rule 55(c) the Second Circuit considers "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil*, 10 F.3d at 96. Under these criteria, and consistent with the disfavor with which defaults are held, the default here should be vacated.

There is no allegation here that the default was willful, nor could there be. To the contrary, KWTE has vigorously contested IFC's allegations throughout, and has a summary judgment motion pending. Nor can IFC claim prejudice from the five-day period from April 10 to April 15, especially given that two of those days fell on a weekend and at least one day was spent preparing its default papers.

Finally, KWTE has meritorious defenses. "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil*, 10 F.3d at 98.

Count I relies on three allegations: (1) that KWTE was untimely in providing information and assistance to IFC; (2) that KWTE agreed on material terms yet failed to complete an ERPA with IFC; and (3) Paragraph 5 of the LOI was an "exclusivity provision" that prohibited KWTE from discussing the sale of its CERs to third parties. (Complaint ¶¶ 42, 43.)

The attached declaration of Granville Smith of KWTE, along with the record evidence, if taken as true, constitutes a complete defense. Mr. Smith states that IFC presented KWTE with a lengthy, overly-complicated and unworkable draft ERPA in October 2005; that IFC was inflexible and unresponsive to KWTE's concerns that were expressed in a November 2005 memorandum; and that IFC did not produce a substantially revised ERPA in response to KWTE's concerns until well into 2006. (Smith Dec. at ¶ 3.) As for (2), this Court has already concluded that KWTE did not agree on material terms to a contract with IFC. (Smith Dec. at ¶ 5.) As for (3), Mr. Smith confirms that, contrary to IFC's allegations, the parties never agreed that Paragraph 5 of the LOI barred KWTE from negotiating with other parties concerning KWTE's CERs, and that KWTE would never have agreed to accept such an indefinite unilateral condition on its ability to seek a commercially viable deal while leaving IFC free to purchase CERs elsewhere. (Smith Dec. at ¶ 6.) Moreover, as Mr. Smith notes, the LOI extinguishes all alleged obligations under the LOI upon termination by either party. (Smith Dec. at ¶ 7.)

As for Count III, even though KWTE concedes that some termination payment is due, the amount of the termination payment due remains a disputed issue. Paragraphs 54 and 55 of the Complaint assert that IFC is due an additional payment under Paragraph 7(g) of the LOI because, IFC alleges, KWTE sold CERs to EcoSecurities. (Complaint ¶¶ 54, 55.) As Mr. Smith confirms, the true facts are that KWTE did not sell its CERs to any buyer. KWTE did sell a majority interest in KWTE to TEP Asia Limited. The LOI does not provide that such a sale of KWTE is a sale of Emission Reductions under Paragraph 7(g) of the LOI so as to trigger an additional payment to IFC. (Smith Dec. at ¶ 8.)

If this proffered evidence is proven true at trial, it will constitute a complete defense. Thus, under the Rule 55(c) criteria, read liberally in favor of the Defendant as it must be, the

default should be vacated. Moreover, for all the same reasons, the motion for entry of a default judgment should be denied

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the default be vacated and that its answer be accepted for filing. Defendant further respectfully requests that the motion for default judgment be denied.

Respectfully submitted,

April 15, 2008

/s/
_____
Anthony F. King
Amanda Gilbert
WALLACE KING DOMIKE & REISKIN, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
Telephone: 202.204.1000
Facsimile: 202.204.1001

Elkan Abramowitz (EA-3987)
Thomas M. Keane (TK-6320)
MORVILLO, ABRAMOWITZ, GRAND,
  IASON, ANELLO & BOHRER, P.C
565 Fifth Avenue
New York, NY 10017
Telephone: 212.880.9300
Facsimile: 212.856.9494