UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INTERNATIONAL FINANCE CORPORATION,
not in its individual capacity but solely as the
Trustee for the IFC-Netherlands Carbon Facility,

07 Civ. 5451 (SHS) (ECF)

*Plaintiff,*

-against-

KORAT WASTE TO ENERGY CO. LTD.,
(a/k/a KHORAT WASTE TO ENERGY CO.),

*Defendant.*

### PLAINTIFF'S STATEMENT OF MATERIAL FACTS
### AS TO WHICH THERE EXISTS GENUINE ISSUES TO BE TRIED

Pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York, Plaintiff International Finance Corporation (IFC) submits the following statement of material facts as to which there exists genuine issues to be tried.

### SPECIFIC RESPONSES TO KORAT'S STATEMENT OF MATERIAL FACTS

1.      IFC and KWTE executed a LOI on May 17, 2004 to negotiate a possible contract for the sale of certified emission reductions from KWTE to the government of the Netherlands. (Complaint ¶¶ 2, 15).

**Plaintiff's Response To Proposed Fact No. 1**:  Admitted for the purposes of this Motion only.

2.      Paragraph 7(a)(i) of the LOI states that either party could terminate the LOI at will.  (LOI ¶ 7(a)(1), Exhibit 1 to the Smith Declaration (attached hereto as Exhibit A) at 3.)

**Plaintiff's Response To Proposed Fact No. 2**:  Plaintiff disagrees.  It is improper to include legal conclusions, *i.e.* that the LOI is terminable "at will," in a statement of undisputed facts.

Paragraph 7(a)(i) states that the LoI "may be terminated by the Project Company or the Trustee, with or without cause, by giving at least fifteen (15) days' prior written notice to the other party."

3.     Paragraph 7(b) of the LOI states that, once a party terminates the LOI, both parties are released from any obligations to the other under the LOI, and neither KWTE nor IFC has any liability arising from the LOI, except for a termination fee in the case of KWTE under Paragraph 7 of the LOI:

>    (b)     Consequences of Termination
>
>         Any such termination shall release [KWTE] and [IFC] from all of their respective obligations under this Letter Agreement, including any liabilities arising therefrom, except as provided in Paragraph 7.

(LOI ¶ 7(b), Smith Dec. Ex. 1 at 3.)

**Plaintiff's Response To Proposed Fact No. 3**:  Plaintiff disagrees.  It is improper to include legal conclusions in a statement of undisputed facts.  Moreover, the defendant fails to include its liability to Plaintiff for breaching the covenant of good faith and fair dealing, which is not contemplated in Paragraph 7(b) of the LoI.  Finally, the Court has already found that Korat could be held liable for damages above and beyond those under Paragraph 7.

4.     IFC's claim in Count I of the Complaint for breach of the LOI's implied good faith covenant claim seeks reliance damages for liabilities allegedly arising from the LOI.  (Mar. 27, 2008 Tr. at 20:13-20:23, Exhibit 1 to King Declaration (attached hereto as Exhibit B)); Complaint ¶¶ 41-43; IFC's Sept. 7, 2007 "Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint at 10 ("IFC's cause of action for breach of the covenant of good faith and fair dealing is premised on the LOI")).

**Plaintiff's Response To Proposed Fact No. 4**:  Admitted for the purposes of this Motion only, except that Plaintiff seeks damages other than "termination damages," and seeks damages incurred as a result of the Defendant's breach of the covenant of good faith and fair dealing.

5.      If KWTE terminates the LOI, paragraphs 7(d) and (g) of the LOI specify the amount and limits of any recoverable damages, including reliance damages, from KWTE for any claimed liability arising from the LOI.  (LOI ¶¶ 7(d) and (g), Smith Dec. Ex. 1 at 4, 5.)

**Plaintiff's Response To Proposed Fact No. 5**:  Plaintiff disagrees.  Paragraphs 7(d) and (g) only contemplate termination damages, and do not consider damages resulting from the breach of the covenant of good faith and fair dealing.

6.      KWTE terminated the LOI by letter dated March 2, 2007.  (March 2, 2007 Letter from Donnelly to Widge, attached to IFC's Complaint as Exhibit A.)

**Plaintiff's Response To Proposed Fact No. 6**:  Plaintiff disagrees.  It is improper to include legal conclusions, *i.e.* that "KWTE terminated the LOI," in a statement of undisputed facts.

### ADDITIONAL FACTS IN DISPUTE

In the Declaration of Granville Smith dated April 15, 2008, attached to the Memorandum in Support of KWTE's Motion to Vacate Default and to File its Answer Out-of-Time and Opposition to Motion for Default Judgment ("Smith Decl."), Mr. Smith directly addresses and contradicts many of IFC's allegations in the Complaint.  These statements evince clear factual disputes among the parties.  Some of the facts Mr. Smith addresses are as follows.

**Proposed Fact No. 7**:

> The true facts are that, in October 2005, IFC sought to impose a mammoth and inflexible draft ERPA on KWTE, and refused to negotiate changes to its draft in good faith.  That complex and one-sided draft ERPA did not substantially change, despite KWTE's numerous complaints, until well into 2006.  IFC's source or irritation was not that KWTE was denying IFC information; it was that KWTE would not immediately sign an ERPA that was both radically different than any ERPA KWTE had encountered before and which leaned heavily toward IFC.

Smith Decl. ¶ 3 (D.E. 41).

**Plaintiff's Response To Proposed Fact No. 7**:  Plaintiff disagrees.  These "facts" flatly contradict several paragraphs in the Complaint, including but not limited to paragraphs 16-18,

20-21, 24-29, 31, 35, and 41-44.  There has been no opportunity to depose Mr. Smith about the

issues testified about in paragraph 3 of his declaration.

**Proposed Fact No. 8**:

> The true facts are that Paragraph 5 is titled "INCaF's Preferential Status," not "Exclusive Negotiation Rights" or anything of the sort.  KWTE never bargained away its right to talk to other potential customers for its CERs.  Indeed, it would have been irrational to do so, for at least two reasons.  First, KWTE and IFC were in talks for three years, and it would have been beyond unreasonable for KWTE to have committed to talking to a single party for that length of time.  Second, IFC would not have been equally bound, and could have negotiated with different sellers even as KWTE was barred from talking with different buyers.  KWTE would not and did not agree to such an unfair arrangement.

Smith Decl. ¶ 6.

**Plaintiff's Response To Proposed Fact No. 7**:  Plaintiff disagrees.  This is contrary to several

paragraphs of the Complaint.  Plaintiff views paragraph 5 of the LoI as an exclusivity provision,

the breach of which is one of many of Korat's bad faith acts.

**Proposed Fact No. 9**:

> I have also reviewed Paragraphs 54 and 55 of the Complaint.  Paragraph 54 falsely alleges that KWTE sold CERs to EcoSecurities.  The true facts are that KWTE did not sell its CERs to any buyer.  KWTE did sell a majority interest in KWTE to TEP Asia Limited.  The LOI does not provide that such a sale of KWTE is a sale of Emission Reductions under Paragraph 7(g) of the LOI so as to trigger an additional payment to IFC.

Smith Decl. ¶ 8.

**Plaintiff's Response To Proposed Fact No. 7**:  Plaintiff disagrees.  Plaintiff believes that the

sale to TEP Asia Limited is a sale contemplated by paragraph 7(g) of the LoI.

Dated:  April 24, 2008                    Respectfully submitted,

                                          **WHITE & CASE** LLP


                                          /s/ Francis A. Vasquez, Jr.
                                          Francis A. Vasquez, Jr. (FAV-1446)
                                          Dana E. Foster (DF-9389)
                                          701 Thirteenth Street, N.W.
                                          Washington, D.C. 20005
                                          (202) 626-3600

                                          *Counsel for International Finance Corporation*