# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL FINANCE CORPORATION, not in its individual capacity, but solely as the Trustee for the IFC-Netherlands Carbon Facility,<br><br>Plaintiff,<br><br>v.<br><br>KORAT WASTE TO ENERGY CO. LTD. (a/k/a Khorat Waste to Energy Co.),<br><br>Defendant. | 07 Civ. 5451 (SHS) |

## DECLARATION OF GRANVILLE SMITH

I, GRANVILLE SMITH, declare as follows:

1. I was the Chairman of the Board of Directors of Korat Waste to Energy Co., Ltd. ("KWTE") during May 2004. I was personally involved in the discussions with IFC in which KWTE and IFC unsuccessfully attempted to reach a contract to buy and sell carbon credits.

2. I have reviewed the Complaint filed in the above-captioned case by the International Finance Corporation, and I have focused on the allegations in Paragraphs 41-43, which appear to state IFC's alleged basis for its claim that KWTE acted in bad faith in negotiating pursuant to the May 17, 2004 Letter of Intent executed by International Finance Corporation and KWTE (the "LOI," attached hereto as Exhibit 1).

3. Paragraph 41 alleges that KWTE deliberately withheld information and assistance from IFC in violation of paragraph 14 of the LOI in order to delay negotiations because, according to IFC, KWTE had no intention of executing an ERPA with IFC and was instead using IFC as a "put option." The true facts are that, in October 2005, IFC sought to impose a mammoth and inflexible draft ERPA on KWTE, and refused to negotiate changes to its draft in

good faith. That complex and one-sided draft ERPA did not substantially change, despite KWTE's numerous complaints, until well into 2006. IFC's source of irritation was not that KWTE was denying IFC information; it was that KWTE would not immediately sign an ERPA that was both radically different than any ERPA KWTE had encountered before and which leaned heavily toward IFC.

4. IFC's charge that KWTE was using it as a "put option" is especially galling given the true facts. KWTE had no right whatsoever to "put" CERs to IFC. IFC had the absolute right to terminate negotiations at any time. Indeed, unlike KWTE, IFC did not have to make a termination payment to walk away. (LOI, Ex. 1, at 7(a)(i).)

5. IFC states in Paragraph 42:

> Despite having agreed in principle on all material terms in the final Term Sheet of September 21, 2005, Korat failed and refused, without legal cause or justification, to negotiate with IFC in good faith to complete the proposed ERPA.

(Complaint ¶ 42.) The true facts are that KWTE never agreed to material terms with IFC. I understand that the Court agreed that this was so.

6. Next, IFC says in Paragraph 43 of the Complaint that "Korat ... violated the exclusivity provision contained in Paragraph 5 of the LOI by conducting negotiations, to which it has admitted, with third party purchasers prior to the termination of the LOI." (Complaint ¶ 43.) The true facts are that Paragraph 5 is titled "INCaF's Preferential Status," not "Exclusive Negotiation Rights" or anything of the sort. KWTE never bargained away its right to talk to other potential customers for its CERs. Indeed, it would have been irrational to do so, for at least two reasons. First, KWTE and IFC were in talks for three years, and it would have been beyond unreasonable for KWTE to have committed to talking to a single party for that length of time. Second, IFC would not have been equally bound, and could have negotiated with different sellers even as KWTE was barred from talking with different buyers. KWTE would not and did not agree to such an unfair arrangement.

2

7.     Paragraph 7(b) of the LOI states: "Any ... termination [by either party] shall release [KWTE] and [IFC] from all of their respective obligations under this Letter Agreement, including any liabilities arising therefrom, except as provided in Paragraph 7."

8.     I have also reviewed Paragraphs 54 and 55 of the Complaint. Paragraph 54 falsely alleges that KWTE sold CERs to EcoSecurities. The true facts are that KWTE did not sell its CERs to any buyer. KWTE did sell a majority interest in KWTE to TEP Asia Limited. The LOI does not provide that such a sale of KWTE is a sale of Emission Reductions under Paragraph 7(g) of the LOI so as to trigger an additional payment to IFC.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 15, 2008.

*Granville Smith*
Granville Smith

4