IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL FINANCE CORPORATION, not in its individual capacity, but solely as the Trustee for the IFC-Netherlands Carbon Facility,<br><br>Plaintiff,<br><br>v.<br><br>KORAT WASTE TO ENERGY CO. LTD. (a/k/a Khorat Waste to Energy Co.),<br><br>Defendant. | 07 Civ. 5451 (SHS)(ECF) |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF KWTE'S MOTION FOR SUMMARY JUDGMENT AS TO THE QUANTUM OF RELIANCE DAMAGES RECOVERABLE UNDER COUNT I OF PLAINTIFF'S COMPLAINT**

Anthony F. King
Amanda Gilbert
WALLACE KING DOMIKE & REISKIN, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
Telephone: (202) 204-1000
Facsimile: (202) 204-1001

Elkan Abramowitz (EA-3987)
Thomas M. Keane (TK-6320)
MORVILLO, ABRAMOWITZ, GRAND,
  IASON, ANELLO & BOHRER, P.C
565 Fifth Avenue, 9th Floor
New York, NY 10017
Telephone: (212) 856-9600
Facsimile: (212) 856-9494

*Counsel for Defendant*

May 1, 2008

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 2

    I.     THERE IS NO REASON TO DELAY GRANTING SUMMARY JUDGMENT BECAUSE PARAGRAPH 7(B) OF THE LETTER OF INTENT IS UNAMBIGUOUS ON ITS FACE ........................... 2

    II.    COUNT ONE SEEKS TO RECOVER DAMAGES BASED ON LIABILITIES ALLEGEDLY ARISING FROM THE LETTER OF INTENT ........................................................................ 3

    III.   THERE ARE NO GENUINE ISSUES OF MATERIAL FACT AS TO THE AMOUNT OF DAMAGES RECOVERABLE UNDER COUNT ONE OF THE COMPLAINT ................................. 4

    IV.   CONTRARY TO IFC'S POSITION, THIS COURT'S RULING ON KWTE'S MOTION TO DISMISS DID NOT HOLD THAT IFC COULD RECOVER RELIANCE DAMAGES FOR COUNT ONE REGARDLESS OF ANY OTHER CONTRACTUAL PROVISIONS SUCH AS PARAGRAPH 7(B) ......................................... 5

    V.    NEW YORK LAW DOES NOT PROVIDE ANY ADDITIONAL SUPPORT FOR IFC'S CLAIM FOR DAMAGES BEYOND THE AMOUNT ALLOWED BY PARAGRAPH 7(B) ............................................................................................... 6

CONCLUSION .................................................................................................................... 7

# TABLE OF AUTHORITIES

**CASES**                                                        **PAGE**

*Chimart Assocs. v. Paul*,
    66 N.Y.2d 570 (1986)..................................................................................2

*Entergy Servs., Inc. v. Union Pac. R.R. Co.*,
    35 F. Supp. 2d 746 (D. Neb. 1999).........................................................6, 7

*Gomez v. Local 144*,
    No. 95 Civ. 5755(RWS), 1995 WL 731628 (S.D.N.Y. Dec.11, 1995)......2

*Granite Partners LP v. Bear, Stearns & Co., Inc.*,
    17 F. Supp. 2d 275 (S.D.N.Y. 1998) ..........................................................3

*Harris Trust & Sav. Bank v. John Hancock Mut. Life Ins. Co.*,
    970 F.2d 1138 (2d Cir.1992), *aff'd*, 510 U.S. 86 (1993) ............................2

*Kalisch-Jarcho, Inc. v. City of New York*,
    58 N.Y.2d 377 (N.Y. 1983).........................................................................4

*Lee v. Marvel Enterprises, Inc.*,
    386 F. Supp. 2d 235 (S.D.N.Y. 2005) ........................................................2

*Nissho Iwai Europe PLC v. Korea First Bank*,
    99 N.Y.2d 115 (2002)..................................................................................2

*Seiden Assocs., Inc. v. ANC Holdings, Inc.*,
    959 F.2d 425 (2d Cir.1992) .........................................................................2

*Short Clove Assocs., Inc. v. Ilana Realty Inc. (In re Ilana Realty, Inc.)*,
    154 B.R. 21 (S.D.N.Y. 1993) .................................................................6, 7

*Warner Theatre Assocs. Ltd. Partnership v. Metropolitan Life Ins. Co.*,
    1997 WL 685334 (S.D.N.Y. 1997) ............................................................3

*Williams and Sons Erectors, Inc. v. S.C. Steel Corp.*,
    983 F.2d 1176 (2d Cir. 1993) .....................................................................4

**RULES**

Fed. R. Civ. P. 56..............................................................................................1

Defendant Korat Waste to Energy Co. Ltd. ("KWTE" or "Korat") submits this reply memorandum in further support of its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the quantum of reliance damages potentially recoverable under Count I of Plaintiff International Finance Corporation's ("IFC's") Complaint.

## INTRODUCTION

Paragraph 7(b) of the Letter of Intent ("LOI") is crystal-clear. It states, without ambiguity, that if a party terminates the LOI, "[a]ny such termination shall release [KWTE] and [IFC] from all of their respective obligations under this Letter Agreement, including any liabilities arising therefrom, except as provided in Paragraph 7." (LOI ¶ 7(b), Exhibit 1 to Smith Declaration (attached to KWTE's Rule 56.1 Statement as Exhibit A) at 3.) That phrase is capable of only one meaning: If either IFC or KWTE seeks to recover from the other for a liability arising from the LOI, that liability is released except for the Termination Payment as calculated under Paragraph 7.

IFC labors mightily to avoid the plain meaning of this contractual term. It asks for more discovery, when no amount of discovery would change the unambiguous language of Paragraph 7(b). None of IFC's arguments can defeat summary judgment. By the plain, unambiguous terms of the LOI, termination of the LOI limits any reliance damages to payment of the LOI's termination fee.

To be clear, KWTE vigorously disputes the notion that it acted in bad faith in any way during its negotiations with IFC. Of course, this Court's March 27, 2008 ruling on KWTE's motion to dismiss (Doc. 23) did not hold that IFC had proven any bad faith; instead, the Court merely declined to strike the claim as a matter of law. (Transcript of March 27, 2008 Hearing ("Mar. 27 Tr."), Exhibit 1 to Apr. 10, 2008 King Declaration (Ex. B to KWTE's Rule 56.1 Statement) at 16:25-20:10.) The only issue now before the Court is whether, should IFC prevail on the merits, it can recover a quantum of damages beyond the Termination Payment. Under the plain terms of Paragraph 7(b), it may not.

## ARGUMENT

I. **THERE IS NO REASON TO DELAY GRANTING SUMMARY JUDGMENT BECAUSE PARAGRAPH 7(B) OF THE LETTER OF INTENT IS UNAMBIGUOUS ON ITS FACE**

IFC argues at pages 3-5 of its Opposition that additional discovery is needed before this motion can be decided. That is wrong. "Summary judgment is appropriate for the interpretation of unambiguous contract language." *Lee v. Marvel Enterprises, Inc.*, 386 F. Supp. 2d 235, 244 (S.D.N.Y. 2005), *citing Harris Trust & Sav. Bank v. John Hancock Mut. Life Ins. Co.*, 970 F.2d 1138, 1147 (2d Cir.1992) ("[w]here the language of a contract is clear, summary judgment is appropriate"), *aff'd,* 510 U.S. 86 (1993) and *Seiden Assocs., Inc. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir.1992) ("When the question is a contract's proper construction, summary judgment may be granted when its words convey a definite and precise meaning absent any ambiguity") and *Chimart Assocs. v. Paul,* 66 N.Y.2d 570, 572 (1986) (the interpretation of an unambiguous contract provision is a question of law for the court).

"Contract language is only ambiguous when, viewed objectively, more than one meaning may reasonably be ascribed to the language used." *Marvel Enterprises*, 386 F. Supp. 2d at 244, *citing Gomez v. Local 144,* No. 95 Civ. 5755(RWS), 1995 WL 731628 at *3 (S.D.N.Y. Dec.11, 1995) and *Nissho Iwai Europe PLC v. Korea First Bank,* 99 N.Y.2d 115, 122 (2002) (ambiguity arises only from "what was written so blindly and imperfectly that its meaning is doubtful").

Again, Paragraph 7(b) states:

> (b) <u>Consequences of Termination</u>
> Any such termination shall release [KWTE] and [IFC] from all of their respective obligations under this Letter Agreement, including any liabilities arising therefrom, except as provided in Paragraph 7.

(LOI, Exhibit 1 to Smith Dec. at 3.)

2

Only one meaning may reasonably be ascribed to Paragraph 7(b): if a party terminates the LOI, any liabilities arising from the LOI are released except for the Termination Payment. Paragraph 7(b) is unambiguous. No additional discovery will change that conclusion.[1]

## II. COUNT ONE SEEKS TO RECOVER DAMAGES BASED ON LIABILITIES ALLEGEDLY ARISING FROM THE LETTER OF INTENT

At pages 3-4 of its opening Memorandum, KWTE recounted the numerous times that IFC stated, both in its Complaint and in other papers, that Count I seeks to recover damages based on liabilities allegedly arising from the LOI. (KWTE Mem. at 3-4.) The point hardly requires proof, as Count I is titled "Breach of the Implied Covenant of Good Faith and Fair Dealing." (Complaint at 13.)

IFC offers several arguments in response. *First*, IFC attempts to argue for the first time that "IFC's damages do not 'arise from' the LOI alone." (IFC Opp. at 6.) This will not work. The law is clear that IFC cannot create a cause of action for breach of an implied term of the LOI that does not arise from the LOI. "While an implied covenant of good faith and fair dealing is recognized in most contracts under New York law, the duty cannot be used to create independent obligations beyond those agreed upon and stated in the express language of the contract." *Granite Partners LP v. Bear, Stearns & Co., Inc.,* 17 F. Supp. 2d 275, 306 (S.D.N.Y. 1998); *see also Warner Theatre Assocs. Ltd. Partnership v. Metropolitan Life Ins. Co.,* 1997 WL 685334, *6 (S.D.N.Y. 1997) ("The duty of good faith arises only to control how the parties carry out the rights and duties they have undertaken under the contract; it does not give rise to independent obligations by itself").

*Second*, IFC argues that "the Termination Provision applies only to damages arising from good faith conduct." (Opp. at 6.) This misses the point of Paragraph 7(b), which applies to *all*

---

[1] In an attempt to distract the Court from the legal issue of contractual interpretation that is before the Court on this motion, IFC claims that KWTE has unfairly delayed discovery. (Opp. at 1 and n.1, 4,;Vasquez Dec. at ¶ 2, 4, 5, 6.) In fact, however, as set forth in the accompanying declaration of Anthony F. King, IFC agreed to the very discovery delay to which it now objects. Moreover, as noted above, no amount of discovery will alter the unambiguous language of Paragraph 7(b).

3

types of damages so long as the liability arises from the LOI. The Termination Payment provision itself is not relevant to the question of *whether* IFC receives damages; it is only relevant to calculating the *amount* IFC can receive.

Lacking any support in Paragraph 7(b) for its argument, IFC cites two cases (*Kalisch-Jarcho, Inc. v. City of New York*, 58 N.Y.2d 377 (N.Y. 1983) and *Williams and Sons Erectors, Inc. v. S.C. Steel Corp.*, 983 F.2d 1176 (2d Cir. 1993)) for the proposition that an "exculpatory clause" cannot shield a party from a bad faith claim. (Opp. at 6.) The simple and sufficient response is that Paragraph 7(b) is not an "exculpatory clause." Quite to the contrary, it specifically awards a range of damages to IFC in the event of termination. In that respect, Paragraph 7(b) operates quite differently from the "no-damages-for-delay" clauses in *Kalisch-Jarcho, Inc.* and *Williams and Sons Erectors, Inc.*, construction cases in which the contracts stated that the defendant contractees had absolutely no liability to the contractors whatsoever for delays caused by the contractees. *Kalisch-Jarcho, Inc.*, 58 N.Y.2d. at 380; *Williams and Sons Erectors, Inc.*, 983 F.2d at 1180.

It is also worth noting that Paragraph 7(b) applies to *both* parties, the only difference being that, due to the one-sided nature of the LOI, KWTE receives no payment whatsoever under Paragraph 7 in the event of a termination by IFC. KWTE would have a much better argument in the event of a termination by IFC that 7(b) is an "exculpatory clause" except, of course, it is not. It is ironic that IFC complains about a clause that redounds to its benefit only.

### III. THERE ARE NO GENUINE ISSUES OF MATERIAL FACT AS TO THE AMOUNT OF DAMAGES RECOVERABLE UNDER COUNT ONE OF THE COMPLAINT

IFC next shifts its argument to the Termination Payment, arguing at pages 7-8 of its Opposition that it seeks different categories of damages than those specifically mentioned in Paragraph 7, and that the Termination Payment was intended to cover costs for early termination rather than for bad faith conduct. This argument misses the point. Again, as noted in Section II above, IFC, having brought a claim arising from the LOI, must run that claim through the filter

of Paragraph 7(b). That filter has nothing whatsoever to do with the *type* of allowable damages. IFC's insistence at pages 7-8 of its Opposition, and indeed throughout its brief, that the type of damages it seeks must be compared to either the Termination Payment or the specific conduct IFC alleges is simply contrary to the plain meaning of Paragraph 7(b), which applies to *all* types of damages, whatever the cause, so long as the liability arises from the LOI.

It is also worth noting -- although this entire argument is beside the point -- that IFC's argument also incompletely describes the Termination Payment provision. Paragraph 7 also provides for a $300,000 payment if KWTE sells the CERs at issue to another buyer within one year after termination. (LOI ¶ 7(g), Exhibit 1 to Smith Dec. at 3.) That dovetails with the core contention of Count I of IFC's Complaint: that KWTE breached the implied covenant of good faith and fair dealing by stalling negotiations with IFC and negotiating with third parties to obtain a higher price. (*E.g.*, Complaint ¶¶ 17, 26, 28, 29, 31, 33, 41, 43.) That is wrong, but that is what IFC contends. It is therefore not correct to say that the Termination Payment was wholly limited to a narrow category of costs and did not anticipate payment for the possible consequences of a quick sale to an alternative buyer. Again, this is all irrelevant because Paragraph 7(b) is unambiguous and requires no further interpretation.

IV. **CONTRARY TO IFC'S POSITION, THIS COURT'S RULING ON KWTE'S MOTION TO DISMISS DID NOT HOLD THAT IFC COULD RECOVER RELIANCE DAMAGES FOR COUNT ONE REGARDLESS OF ANY OTHER CONTRACTUAL PROVISIONS SUCH AS PARAGRAPH 7(B)**

This Court's ruling on KWTE's motion to dismiss as to Count I was clear. As the Court stated, "Korat contend[ed] that IFC has failed to state a claim for breach of [the] implied covenant because paragraph 7 of the Letter of Intent permitted it to terminate their agreement on 15 days' notice. In its view, an implied obligation to continue negotiation would be inconsistent with this express provision of the contract." (Mar. 27 Tr. at 17:18-17:23.) The Court ruled that, because IFC's claim was based on alleged "conduct during the negotiation of the ERPA," and not the termination of the LOI itself, "the issue before the Court [was] whether IFC has stated a claim that Korat breached the implied covenant of good faith and fair dealing by failing to

5

negotiate in good faith." (Mar. 27 Tr. at 18:5-18-7.) The Court allowed that claim to proceed past the dismissal stage. (Mar. 27 Tr. at 18:8-20:10.)

The Court then turned to the issue of permissible damages for a claim for breach of an implied covenant of good faith and fair dealing, and found that the proper measure of damages that IFC could seek was reliance damages rather than the expectation damages sought by IFC. (Mar. 27 Tr. at 20:11-22:18.) The Court stated:

> Now Count One remains, as I say, so the question then is what type of damages may IFC seek under Count One? And I am finding that it can recover reliance damages on that claim but it can't recover lost profits, that is, the cost of the carbon credits.

(Mar. 27 Tr. at 20:11-20:15.)

At page 8 of its Opposition, IFC changes this ruling. IFC suggests that the Court made a final determination that IFC is entitled to reliance damages, regardless of any other provision of the LOI. That is obviously wrong. In particular, the Court made no ruling as to the effect of Paragraph 7(b) on the availability of damages for liabilities arising from the LOI. This is the appropriate occasion for that ruling.

## V. NEW YORK LAW DOES NOT PROVIDE ANY ADDITIONAL SUPPORT FOR IFC'S CLAIM FOR DAMAGES BEYOND THE AMOUNT ALLOWED BY PARAGRAPH 7(B)

IFC's argument at pages 9-10 of its Opposition that New York law provides for certain categories of damages beyond a termination fee is similarly misplaced. Again, IFC ignores the plain wording of Paragraph 7(b): *all* liabilities, *regardless* of the type of damages that result, are released except for the Termination Payment. The fact that New York law might otherwise provide for reliance, expectation, interest, or any other type of damages is of no consequence whatsoever.

Neither of the cases cited by IFC at pages 9-10 (*Short Clove Assocs., Inc. v. Ilana Realty Inc. (In re Ilana Realty, Inc.)*, 154 B.R. 21 (S.D.N.Y. 1993); *Entergy Servs., Inc. v. Union Pac. R.R. Co.*, 35 F. Supp. 2d 746 (D. Neb. 1999)) change this conclusion. Both of these cases

involve liquidated damages clauses for non-performance, neither of which expressly released all liability arising from the contract except for a calculated payment. *Short Clove Assocs., Inc.*, 154 B.R. at 27; *Entergy Servs., Inc.*, 35 F. Supp. 2d at 754 ("The liquidated damages provision contains no words of exclusivity indicating that it was intended to be the exclusive remedy for breach"). They are simply inapposite.

## CONCLUSION

For all the foregoing reasons, and for the reasons previously stated, summary judgment as to Count I of Plaintiff's Complaint as to the quantum of recoverable reliance damages should be granted in favor of Defendant.

Respectfully submitted,

May 1, 2007

_____/s/_____
Anthony F. King
Amanda Gilbert
WALLACE KING DOMIKE & REISKIN, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
Telephone: 202.204.1000
Facsimile: 202.204.1001

Elkan Abramowitz (EA-3987)
Thomas M. Keane (TK-6320)
MORVILLO, ABRAMOWITZ, GRAND,
  IASON, ANELLO & BOHRER, P.C
565 Fifth Avenue. 9th Floor
New York, NY 10017
Telephone: (212) 856-9600
Facsimile: (212) 856-9494

*Counsel for Defendant*