IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL FINANCE CORPORATION, not in its individual capacity, but solely as the Trustee for the IFC-Netherlands Carbon Facility, <br><br> Plaintiff, <br><br> v. <br><br><br> KORAT WASTE TO ENERGY CO. LTD. (a/k/a Khorat Waste to Energy Co.), <br><br> Defendant. | )<br>)<br>)<br>)<br>)  **07 Civ. 5451 (SHS)(ECF)**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF ANTHONY F. KING

I, ANTHONY F. KING, declare as follows:

1.      I am an attorney with the law firm Wallace King Domike & Reiskin in Washington, DC.  I represent Defendant Korat Waste to Energy Co., Ltd. ("KWTE") in the above-captioned matter.  I submit this declaration in support of KWTE's reply memorandum in further support of its motion pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the quantum of reliance damages potentially recoverable under Count I of Plaintiff International Finance Corporation's ("IFC's") Complaint.

2.      In its opposition to KWTE's motion and in the accompanying Vasquez Declaration, IFC accuses KWTE of delaying and obstructing discovery into the parties' intent regarding the Letter of Intent ("LOI").  (Opp. at 1 and n.1, 4,;Vasquez Dec. at ¶ 2, 4, 5, 6.)  In particular, IFC alleges that KWTE unilaterally asked that IFC cancel the depositions of "key" KWTE witnesses involved in drafting the LOI.  (See Opp. at 1 and n.1; Vasquez Dec. a1 ¶¶ 2, 4.)

3.    That allegation is false. The true facts are that the parties *jointly* agreed to put off discovery after KWTE agreed to IFC's request for a meeting based on IFC's agreement to halt discovery for a fixed period while the parties met. IFC broke that agreement.

4.    Moreover, as KWTE has detailed in its April 21, 2008 letter to the Court and during the April 25, 2008 status conference, it is KWTE that has been denied discovery on essentially every issue.

5.    Exhibit 1 attached hereto is a true and correct copy of a series of e-mails between myself and Frank Vasquez of White & Case, counsel for Plaintiff IFC, the dates and times of such e-mails being as follows:

    1a.    April 1, 2008 at 12:39 p.m. from Vasquez to King

    1b.    April 1, 2008 at 2:45 p.m. from King to Vasquez

    1c.    April 2, 2008 at 12:35 p.m. from Vasquez to King

    1d.    April 2, 2008 at 1:36 p.m. from King to Vasquez

    1e.    April 4, 2008 at 1:20 p.m. from Vasquez to King

    1f.    April 4, 2008 at 2:04 p.m. from King to Vasquez

    1g.    April 4, 2008 at 3:33 p.m. from King to Vasquez

    1h.    April 4, 2008 at 3:49 p.m. from Vasquez to King

    1i.    April 4, 2008 at 4:05 p.m. from King to Vasquez

    1j.    April 4, 2008 at 8:38 p.m. from Vasquez to King

    1k.    April 5, 2008 at 5:34 p.m. from King to Vasquez

    1l.    April 5, 2008 at 7:46 p.m. from Vasquez to King

6.    Immediately following the March 27 hearing, Mr. Vasquez asked me if KWTE would agree to a meeting with IFC.

7.    On April 1, I spoke with Mr. Vasquez by telephone and told Mr. Vasquez that KWTE would agree to a meeting if the parties agreed to freeze discovery for a 45-

day period so that KWTE was not spending money while the parties were talking.  Mr. Vasquez agreed to that condition.

8.      Based on Mr. Vasquez's agreement to the condition, and on the parties' agreement to submit a joint request for an extension of the discovery deadline for an identical 45-day period, I sent an e-mail to Mr. Vasquez on April 2 providing a KWTE contact to arrange a meeting but emphasizing that an extension needed to be in place before a meeting occurred.  (April 2, 2008 at 1:36 p.m. from King to Vasquez, Ex. 1d.)

9.      On Friday, April 4, having not yet heard from the Court regarding the extension request, Mr. Vasquez nevertheless sent me an e-mail asking if he could make contact with a KWTE representative to set up a meeting the following week.  (April 4, 2008 at 1:20 p.m. from Vasquez to King, Ex. 1e.)

10.      I responded by e-mail that Mr. Vasquez could so proceed, but reminded Mr. Vasquez that the deposition notices that had been issued, which were to occur in April, would need to be withdrawn.  (April 4, 2008 at 2:04 p.m. from King to Vasquez, Ex. 1f.)

11.      Having received no response to my 2:04 e-mail, I sent a second e-mail to Mr. Vasquez at 3:33 p.m. stating that the KWTE representative was expecting his call to arrange a meeting, but that he expected confirmation that the condition of a discovery suspension would be met at least with regard to the April discovery.  (April 4, 2008 at 3:33 p.m. from King to Vasquez, Ex. 1g.)

12.      Mr. Vasquez replied at 3:49 p.m. confirming that the April deposition notices were pulled.  (April 4, 2008 at 3:49 p.m. from Vasquez to King, Ex. 1h.)

13.      Based on this confirmation, I immediately informed the April deponents that their depositions had been cancelled by IFC so that they could schedule other matters.

14.      I noted, however, that in his 3:49 p.m. e-mail, Mr. Vasquez first began to backtrack on the clear oral agreement that had been reached on April 1 to stay discovery

for 45 days while the parties discussed settlement. I responded to this e-mail within 20 minutes, restating the agreed-upon condition that "KWTE won't meet if IFC is free to start up discovery within the 45-day window." (April 4, 2008 at 4:05 p.m. from King to Vasquez, Ex. 1i.) Mr. Vasquez did not respond to this e-mail until 8:38 p.m., when he fully reneged on IFC's agreement. (April 4, 2008 at 8:38 p.m. from Vasquez to King, Ex. 1j.)

15.    I responded the next day, again reminding Mr. Vasquez of their agreement and asking if IFC still wanted the meeting it had requested. (April 5, 2008 at 5:34 p.m. from King to Vasquez, Ex. 1k.) In an e-mail that evening, Mr. Vasquez withdrew IFC's request for a meeting. (April 5, 2008 at 7:46 p.m. from Vasquez to King, Ex. 1l.)

16.    In sum, contrary to IFC's false statements, the parties *jointly* agreed to put off discovery after KWTE agreed to IFC's request for a meeting. KWTE relied on IFC's agreement to halt discovery for a fixed period while the parties met. IFC broke that agreement. Those are the facts.

17.    KWTE regrets imposing this lengthy recitation upon the Court, particularly as it is irrelevant to interpreting the unambiguous meaning of Paragraph 7(b). But KWTE cannot allow IFC to continue to make false allegations of bad faith by KWTE.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 1, 2008.
Washington, D.C.

Anthony F. King

# EXHIBIT 1

# EXHIBIT 1a

From: Vasquez, Frank [mailto:fvasquez@washdc.whitecase.com]
Sent: Tuesday, April 01, 2008 12:39 PM
To: King, Tony
Subject: FW: Activity in Case 1:07-cv-05451-SHS International Finance Corporation v. Korat Waste to Energy Co., Ltd. Order on Motion to Dismiss


Tony,


fyi -- this looks like it is on the 25th.


I neglected to write down that name you just gave me of who IFC needs to contact. Can you email it to me? Thanks.


Frank

# EXHIBIT 1b

From: King, Tony [mailto:AKing@WallaceKing.com]
Sent: Tuesday, April 01, 2008 2:45 PM
To: Vasquez, Frank
Subject: RE: Activity in Case 1:07-cv-05451-SHS International Finance Corporation v. Korat Waste to Energy Co., Ltd. Order on Motion to Dismiss

Ricardo (Rick) Nogueira.  I can get contact information if you need it.

Regards,

Tony King

Wallace King Domike & Reiskin, PLLC

1050 Thomas Jefferson Street, N.W.

Washington, DC 20007

Phone:  202.204.1000

Fax:  202.204.1001

PRIVILEGED AND CONFIDENTIAL

This message is intended only for the use of the persons to whom it is addressed, and may contain information that is privileged, confidential or protected under applicable law.  If you are not the intended recipient, and are not authorized by the intended recipient to receive and deliver this message, you are hereby notified that you are prohibited from using, copying, disseminating or relying on this message.  If you received this message in error, please advise us immediately by return e-mail.

# EXHIBIT 1c

From: Vasquez, Frank [mailto:fvasquez@washdc.whitecase.com]
Sent: Wednesday, April 02, 2008 12:35 PM
To: King, Tony
Subject: RE: Activity in Case 1:07-cv-05451-SHS International Finance Corporation v. Korat Waste to Energy Co., Ltd. Order on Motion to Dismiss


Yes, please, send the contact info.  IFC was not sure where he is working from these days.

# EXHIBIT 1d

From: King, Tony [mailto:AKing@WallaceKing.com]
Sent: Wednesday, April 02, 2008 1:36 PM
To: Vasquez, Frank
Subject: RE: Activity in Case 1:07-cv-05451-SHS International Finance Corporation v. Korat Waste to
Energy Co., Ltd. Order on Motion to Dismiss

Frank:


Rick can be reached at 202.756.2944 (office) or 202.360.0552 (cell).  Also, his e-mail is
Ricardo.Nogueira@eeafm.com.  I would ask that IFC refrain from contacting him until we have a
discovery stay in place.


Regards,


Tony King

Wallace King Domike & Reiskin, PLLC

1050 Thomas Jefferson Street, N.W.

Washington, DC 20007

Phone:  202.204.1000

Fax:  202.204.1001


PRIVILEGED AND CONFIDENTIAL

This message is intended only for the use of the persons to whom it is addressed, and may contain
information that is privileged, confidential or protected under applicable law.  If you are not the intended
recipient, and are not authorized by the intended recipient to receive and deliver this message, you are
hereby notified that you are prohibited from using, copying, disseminating or relying on this message.  If
you received this message in error, please advise us immediately by return e-mail.

# EXHIBIT 1e

From: Vasquez, Frank [mailto:fvasquez@washdc.whitecase.com]
Sent: Friday, April 04, 2008 1:20 PM
To: King, Tony
Subject: RE: Activity in Case 1:07-cv-05451-SHS International Finance Corporation v. Korat Waste to Energy Co., Ltd. Order on Motion to Dismiss

Tony,


IFC has asked me to contact Rick now to set up a meeting, perhaps on the 14th, because their lead in-house lawyer is out of the country. I was planning on calling him this afternoon. Please let me know if you want to be involved. Thanks.


Frank

# EXHIBIT 1f

From: King, Tony
Sent: Friday, April 04, 2008 2:04 PM
To: Vasquez, Frank
Subject: RE: Activity in Case 1:07-cv-05451-SHS International Finance Corporation v. Korat Waste to
Energy Co., Ltd. Order on Motion to Dismiss

I don't need to be, but can we find out if the court has approved the stay? Can you call the Court? If the
judge hasn't done anything, I suppose you could go ahead and set up a meeting contingent on the stay, but
we would need to agree now to put off the April discovery (including the EcoSecurities document
production and depositions, as well as the Locklin, Smith and KWTE depositions).


Regards,


Tony King

Wallace King Domike & Reiskin, PLLC

1050 Thomas Jefferson Street, N.W.

Washington, DC 20007

Phone:  202.204.1000

Fax:  202.204.1001


PRIVILEGED AND CONFIDENTIAL

This message is intended only for the use of the persons to whom it is addressed, and may contain
information that is privileged, confidential or protected under applicable law.  If you are not the intended
recipient, and are not authorized by the intended recipient to receive and deliver this message, you are
hereby notified that you are prohibited from using, copying, disseminating or relying on this message.  If
you received this message in error, please advise us immediately by return e-mail.

# EXHIBIT 1g

From: King, Tony [mailto:AKing@WallaceKing.com]
Sent: Friday, April 04, 2008 3:33 PM
To: Vasquez, Frank
Subject: RE: Activity in Case 1:07-cv-05451-SHS International Finance Corporation v. Korat Waste to Energy Co., Ltd. Order on Motion to Dismiss

Frank:


Rick is expecting your call, but he wants me to confirm that we won't be doing any discovery in April. We have meetings scheduled beginning on Monday that we'd like to call off. Can you confirm?


Regards,


Tony King

Wallace King Domike & Reiskin, PLLC

1050 Thomas Jefferson Street, N.W.

Washington, DC 20007

Phone: 202.204.1000

Fax: 202.204.1001


PRIVILEGED AND CONFIDENTIAL

This message is intended only for the use of the persons to whom it is addressed, and may contain information that is privileged, confidential or protected under applicable law. If you are not the intended recipient, and are not authorized by the intended recipient to receive and deliver this message, you are hereby notified that you are prohibited from using, copying, disseminating or relying on this message. If you received this message in error, please advise us immediately by return e-mail.

# EXHIBIT 1h

---

From: Vasquez, Frank [mailto:fvasquez@washdc.whitecase.com]
Sent: Friday, April 04, 2008 3:49 PM
To: King, Tony
Subject: RE: Activity in Case 1:07-cv-05451-SHS International Finance Corporation v. Korat Waste to Energy Co., Ltd. Order on Motion to Dismiss


Tony,


We are trying to learn something from the court now.  We have one call in and will make another one in a bit if we do not hear back.


So I can agree right now that we will not pursue discovery as long as we are scheduling and having useful discussions, but if we meet and we find its not productive, we will have to go forward with discovery.  If it helps, I will confirm now that we can put off the Smith and Lochlin depos assuming we are having a meeting that week.  But if we don't get approval from the court or the discussions are just a waste of time, we'll want to get going with those and the others again ASAP.  I'll feel better once we have confirmation from the court on the new date, as my schedule on other cases is pretty tight right now as well.


Regarding EcoSecurities, their counsel has called and asked for more time, so we are letting them get their act together and appoint outside counsel, etc.  I'd like to find out from them what the volume of their production would be, but the actual production can be put off while we are talking.  There will be a new subpoena for them with new dates in any event.


I'll give Rick a ring shortly.  Thanks.


Frank

# EXHIBIT 1i

---

From: King, Tony [mailto:AKing@WallaceKing.com]
Sent: Friday, April 04, 2008 4:05 PM
To: Vasquez, Frank
Subject: RE: Activity in Case 1:07-cv-05451-SHS International Finance Corporation v. Korat Waste to Energy Co., Ltd. Order on Motion to Dismiss

It does help that I can tell Locklin and Smith to stand down for now.  I do want to make sure it's clear that KWTE expects an extension of discovery and an agreement that no discovery take place for 45 days from now before agreeing to a meeting. The discovery stay, not just a back-end extension, is the functional equivalent of the litigation stay that KWTE requires.  I think that's been clear, but it bears repeating that KWTE won't meet if IFC is free to start up discovery within the 45-day window.

I don't think this is going to be an issue; I fully expect the Court to grant the extension.  Perhaps we need a letter between ourselves putting a stay in place.  If we need more than that (i.e., an order from the Court), we'll need to get it before a meeting takes place.

Regards,

Tony King

Wallace King Domike & Reiskin, PLLC

1050 Thomas Jefferson Street, N.W.

Washington, DC 20007

Phone:  202.204.1000

Fax:  202.204.1001

PRIVILEGED AND CONFIDENTIAL

This message is intended only for the use of the persons to whom it is addressed, and may contain information that is privileged, confidential or protected under applicable law.  If you are not the intended recipient, and are not authorized by the intended recipient to receive and deliver this message, you are hereby notified that you are prohibited from using, copying, disseminating or relying on this message.  If you received this message in error, please advise us immediately by return e-mail.

# EXHIBIT 1j

---

From: Vasquez, Frank [mailto:fvasquez@washdc.whitecase.com]
Sent: Fri 4/4/2008 8:38 PM
To: King, Tony
Cc: Foster, Dana Evans
Subject: RE: Activity in Case 1:07-cv-05451-SHS International Finance Corporation v. Korat Waste to
Energy Co., Ltd. Order on Motion to Dismiss


Tony,

Sorry I did not get back to this until now.  We heard back from the court's clerk who said the judge has our
letter and may rule on Monday.

Regarding the email below, what you propose does not seem very reasonable or efficient.  If your client
really does not want to have settlement discussions, that is OK -- we can proceed with the discovery on the
schedule we already have.  If they do want to talk in good faith, then we should do that until we are done,
whether it is only one meeting or five, and come back to the discovery when we are done talking.

In fact, I had a pleasant conversation with Rick Nogeira and he agreed to have the first meeting on April
11, followed by another meeting about ten days later (i.e., before the status hearing) if the first one is
fruitful.  I would like to be able to report to the court on the 25th that we are either in settlement discussions
or are continuing with discovery.

Since I feel like I am getting mixed signals here, please confer with your client to confirm you would like
to go ahead with the talks.  We will suspend discovery obligations as long as we are talking, whether that
be longer or shorter than 45 days.  If they have changed their mind, let's proceed with the first two depos as
scheduled.

Also, please let me know if you intend to send a revised letter re the pending discovery dispute to the judge
as he seemed to be suggesting in our off the record discussion.  If not, we can submit a response to what
you have already put in.

EcoSecurities informed us today that they have retained Latham in L.A. as counsel.  I will be speaking to
them next week, but everything is on hold there for now.

Speak to you soon.

Frank

# EXHIBIT 1k

-----Original Message-----
From: King, Tony <AKing@WallaceKing.com>
To: Vasquez, Frank
CC: Foster, Dana Evans
Sent: Sat Apr 05 17:34:42 2008
Subject: RE: Activity in Case 1:07-cv-05451-SHS International Finance Corporation v. Korat Waste to Energy Co., Ltd. Order on Motion to Dismiss

Frank:

First, Rick Nogueira and I are in complete agreement as to KWTE's conditions for a meeting, and he will not attend a meeting on the 11th or on any other date if those conditions are not met.

Second, IFC requested this meeting. KWTE agreed with a condition that was stated clearly:   KWTE is willing to meet in good faith without having the litigation dismissed, but will not meet with IFC absent a stay of definite duration; i.e., 45 days. We agreed on those terms, and I so informed KWTE.  If IFC does not want a meeting on those terms, please let me know immediately so that I can inform Rick.

Consistent with your e-mail yesterday, I have informed the April witnesses that their depositions are postponed.  If IFC does not want to meet, we will work with you to reschedule.

Regards,

Tony King
Wallace King Domike & Reiskin, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, DC 20007
Phone:  202.204.1000
Fax:  202.204.1001

PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION
This message is intended only for the use of the persons to whom it is addressed, and may contain information that is privileged, confidential or protected under applicable law.  If you are not the intended recipient, and are not authorized by the intended recipient to receive and deliver this message, you are hereby notified that you are prohibited from using, copying, disseminating or relying on this message.  If you received this message in error, please advise us immediately by return e-mail.

# EXHIBIT 1l

**From:** Vasquez, Frank [mailto:fvasquez@washdc.whitecase.com]
**Sent:** Sat 4/5/2008 7:46 PM
**To:** King, Tony
**Cc:** Foster, Dana Evans
**Subject:** Re: Activity in Case 1:07-cv-05451-SHS International Finance Corporation v. Korat Waste to Energy Co., Ltd. Order on Motion to Dismiss

No point in talking then. No point in wasting time.

Let's go forward with the dates as scheduled. There is more than enough time for both of us to prepare.

Please advise if you intend to supplement your letter to the judge or would prefer to drop it given what he said.

Please also advise if you will accept a subpoena for EEA Fund Management. Thank you.


Frank Vasquez, Jr.
White & Case LLP

Sent from Handheld Device